# Case No. 1,958.

## BROOKS v. NUTT.

[4 Cranch, C. C. 470.] [1]

Circuit Court, District of Columbia. Oct. Term, 1834.

SLAVES—CHILD BORN BEFORE MOTHER'S TITLE TO FREEDOM ACCRUES.

A colored child, born before her mother's title to freedom has accrued and become complete, is a slave of the person entitled to the service of the mother at the time of the birth.

Action, of assault and battery, for freedom. The plaintiff's mother, Clara, was the slave of James M. Stewart, and sold by him to Finley, the defendant's intestate, on the 24th of July, 1805, by bill of sale, recorded May 10, 1833, for the term of seven years. Finley bound himself to Stewart to emancipate Clara at the end of the seven years; and Stewart bound himself to Finley then to relinquish his right to Clara. The plaintiff [Ann Brooks] was born in 1811, before the expiration of the seven years, and the bill of sale and obligation to emancipate Clara was not recorded until after the plaintiff's birth. Finley emancipated Clara in 1817, but always claimed the plaintiff as his slave, she having been born while her mother was his slave. On the 3d of June, 1833, Stewart made a deed of emancipation of the plaintiff (Ann).

Taylor, for the defendant.

The plaintiff was born the slave of Mr. Finley. Her mother, at the time of the plaintiff's birth, was also his slave. She had then no present vested right to freedom; it depended upon Mr. Finley's complying with his covenant with Mr. Stewart. The plaintiff was the slave of Finley, and not the slave of Stewart, and his deed of emancipation was void. Thrift v. Hannah, 2 Leigh, 300; Maria v. Surbaugh, 2 Rand. [Va.] 228; Scott v. Dobson, 1 Har. & McH. 160.

Mason, for the plaintiff, contra.

Clara had an inchoate right to freedom at the time of the birth of the plaintiff, who, at the time of her birth, partook of the inchoate and contingent right of her mother.

The jury having found the above facts in a special verdict, THE COURT (THRUSTON, Circuit Judge, absent) was of opinion that the law was for the defendant, and that the plaintiff is a slave.

NOTE [from original report]. See the case of Peter v. Cureton [Case No. 11,019].

[1] [Reported by Hon. William Cranch, Chief Judge.]